UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD LEE LATTA,

          Petitioner,

v.                                            Case No. 10-CV-13546
                                            Honorable Denise Page Hood
BONITA HOFFNER,

          Respondent.

                                                 /

**ORDER ACCEPTING REPORT AND RECOMMENDATION, DENYING
PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS, AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY**

      In January 2007, Petitioner Gerald Lee Latta, a state prisoner, was convicted of first-degree

criminal sexual conduct (CSC-I) and contributing to the delinquency of a minor. He filed a petition

for writ of habeas corpus on September 7, 2010. The Court referred the matter to the Magistrate

Judge. On August 27, 2012, Magistrate Judge Paul J. Komives issued a Report and

Recommendation recommending that the Court deny Petitioner's application for writ of habeas

corpus and issuing a certificate of appealability. Petitioner filed an objection on September 13,

2012. For the reasons stated below, the Court overrules Petitioner's objection and accepts the

Report and Recommendation in its entirety.

      The Court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge." *Id.* A party's failure to file any objections waives his or her right to further

appeal. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Necessarily, a party's failure to object to the magistrate judge's report and recommendation relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Petitioner makes several objections to the Magistrate Judge's Report and Recommendation. Petitioner contends that the evidence was insufficient to convict. However, he has not met the high standard required to prove an insufficient evidence claim. *See Coleman v. Johnson*, 132 S.Ct. 2060, 2061 (2012) ("We have made clear that [insufficiency of evidence] claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that the relevant consideration "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The Court will "reverse a conviction for insufficiency of the evidence only if it is not supported by substantial and competent evidence, whether direct or wholly circumstantial, upon the record as a whole." *United States v. Lapointe*, 690 F.3d 434, 443 (6th Cir.2012) (citing *United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992)).

Petitioner argues that there was no "concrete evidence" of bruising on the victim's vaginal area or other bruising caused by Petitioner. As the Magistrate Judge already reasoned, a CSC-I conviction does not require bodily injury to the vaginal area of the victim's body. *See* MICH. COMP. LAWS §§ 750.520b(1)(g), 750.520a(n). The jury found the evidence sufficient to convict and the Court cannot reassess the credibility of the witnesses. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Petitioner further submits that there was no evidence that the victim ran and hid when the phone rang. However, there was ample other evidence to conclude that the victim experienced

mental anguish, which is an alternative basis for a CSC-I conviction.

Petitioner asserts that his counsel was ineffective. He notes that counsel failed to cross examine police officer Ray Shutts regarding the victim's blood alcohol level or the victim's mother regarding the victim running and hiding whenever the phone rang. Although Petitioner raised an ineffective assistance of counsel claim below, it was based on a factually different basis. The Court cannot grant Petitioner's writ of habeas corpus based on these claims because all available remedies were not exhausted in the state court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). Each claim must be "'fairly presented' to the state courts." *Id.*

Even if these claims were brought below, Petitioner's arguments would still fail. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 688 (1984). To prove that counsel was constitutionally ineffective, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–68. The Petitioner must then "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner cannot prove that counsel's decision to not cross examine the police officer or the victim's mother was not part of "sound trial strategy." *Strickland,* 466 U.S. at 689. Notably, the police officer testified that normally a person with a blood alcohol level of .08 would be alert. Such testimony would weigh in favor of the Petitioner; objectively, there would be no reason to further examine the police officer on this matter. Furthermore, even if the failure to cross examine on these issues was objectively unreasonable, there is no indication that the result would be different. There was ample evidence that the victim experienced mental anguish and that she was mentally incapacitated or physically helpless when the events leading to the conviction

occurred.

Finally, Petitioner argues that "the state failed to accurately score the sentencing guidelines in [his] case . . . ." [Docket No. 16, Pg ID 515] However, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Any claim that the state court improperly applied the sentencing guidelines is an issue of state law and is not cognizable on habeas review. *See Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 14, filed August 27, 2012] is **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS SO ORDERED**.

_____

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4